IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 21-00179-01-CR-W-HFS |
| ) | |
| DERRICK R. FORD, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION TO
DENY DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant's Motion to Suppress. Defendant moves the Court to suppress all evidence seized from the vehicle he was driving on August 6, 2019, as well as the resulting statement he gave to police. For the following reasons, Defendant's motion should be denied.

**I. INTRODUCTION**

On July 21, 2021, an Indictment was returned charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 19, 2022, Defendant filed a motion to suppress. (Doc. 20) The Government responded on September 13, 2022. (Doc. 31) An evidentiary hearing was held on October 4, 2022, with all parties and counsel appearing in person. The Government appeared by Assistant United States Attorney Mike Green. Defendant was present, represented by appointed counsel Angela Williams. The Government called Kansas City, Missouri Police Department Officer Johnathan Van Hoecke; Kansas City, Missouri Police Department Officer Nathan Horsley; and Kansas City, Missouri

1

Police Department Detective Timothy Sims to testify. The following exhibits were admitted into evidence:

| | |
|---|---|
| Government's Exhibit 1: | Photo – Rear view of Lexus showing temporary tag; |
| Government's Exhibit 2: | Photo – Shotgun shell in coin compartment inside Lexus; |
| Government's Exhibit 3: | Photo – Shotgun recovered from Lexus trunk; |
| Government's Exhibit 5: | Registration Information from MULES showing 07/06/2019 expiration date for Permit No. 049GMX; |
| Government's Exhibit 6: | Kansas City, Missouri Police Department Booking Document No. 19107713 for Defendant Ford's arrest on 08/06/2019; |
| Government's Exhibit 7: | Traffic citation; |
| Government's Exhibit 8: | Expired registration citation; and |
| Government's Exhibit 9: | Traffic violation. |

## II. FINDINGS OF FACT

On the basis of the evidence presented at the suppression hearing, the undersigned submits the following proposed findings of fact:

1. On August 6, 2019, Kansas City, Missouri Police Department Officers Johnathan Van Hoecke and Nathan Horsley were on patrol duty. (Tr. at 6-7, 18, 38) Shortly after midnight, they noticed a green Lexus LS400 that had a temporary tag. (Tr. at 19, 38-39; Gvt. Exh. 1) Officer Horsley testified that the temporary tag caught his attention because it appeared to be fake, as though it had been printed on paper and with a faded Missouri seal. (Tr. at 38-39, 41) Officer Horsley explained that the seal would be much more prominent on a legitimate tag. (Tr. at 42)

2. Officers followed the green Lexus for over ten minutes in order to obtain the numbers from the temporary tag and run it through dispatch. (Tr. at 19-23)

3. The information provided by dispatch about the temporary tag revealed that it had expired in July of 2019. (Tr. at 7, 23-24, 38-39; Gvt. Exh. 5) Based on this information, they activated their emergency lights and conducted a traffic stop of the Lexus. (Tr. at 7, 9, 36)

4. As Officer Van Hoecke exited his vehicle and approached the Lexus, he noticed that the temporary tag on the Lexus displayed an expiration date of "August 30, 2019" but that the tag appeared to have been altered. (Tr. at 24, 25)

5. Officer Van Hoecke observed two occupants inside the Lexus, a male in the driver's seat and a female in the passenger's seat. (Tr. at 9) Officer Van Hoecke made contact with Defendant, who was the driver of the vehicle, and asked for his identification and insurance information. (Tr. at 9, 40) Officer Horsley stood with the passenger. (Tr. at 40)

6. Officer Van Hoecke ran Defendant's name through dispatch and learned that Defendant had a warrant out of Cole County, Missouri, and that his driving status was suspended. (Tr. at 10-11, 27) Based on this information, Officer Van Hoecke placed Defendant under arrest. (Tr. at 11, 40)

7. Following Defendant's arrest, Officer Van Hoecke ran Defendant's name through the mobile computer in his car to verify Defendant's warrant. (Tr. at 11) Officer Van Hoecke's standard practice when placing an individual under arrest is to double-check warrants. (Tr. at 11, 28)

8. When running Defendant's name himself, Officer Van Hoecke learned that Defendant did not have a Cole County warrant, but that he did have three Kansas City, Missouri, warrants. (Tr. at 11, 27) Defendant's driving status was still showing as suspended. (Tr. at 11)

9. In August of 2019, driving while suspended was an arrestable offense. (Tr. at 11-12)

10. Defendant, therefore, remained in custody. (Tr. at 12)

11. The passenger of the vehicle, Devin Rodriguez, advised officers that she had a laundry basket in the back seat of the Lexus. (Tr. at 12-13) Officer Van Hoecke asked if he could check the basket before releasing it to her; Ms. Rodriguez agreed. (Tr. at 13)

12. A search of the laundry basket revealed a glass methamphetamine pipe with residue inside. (Tr. at 13) Ms. Rodriguez was placed under arrest. (Tr. at 13, 28, 40) She also had narcotics in her purse. (Tr. at 46)

13. Because the Lexus did not have a valid license plate and there was not anyone to drive it from the scene, officers decided to tow the vehicle. (Tr. at 14, 41)

14. An inventory search of the Lexus prior to towing revealed a single-shot 12-guage shotgun wrapped in a football jersey in the trunk. (Tr. at 14-15, 32, 41; Gvt. Exh. 3) Officer Van Hoecke removed the gun from the trunk to make it safe; while doing so, he found it was loaded with a shotgun shell. (Tr. at 29-30, 32-34) Officers also located a live shotgun shell in the coin

tray on the left side of the vehicle's dash. (Tr. at 15-16, 33; Gvt. Exh. 2)

15. Defendant was issued three citations in connection with this traffic stop: one for an expired temporary tag; a second for driving while suspended or revoked; and a third for no proof of insurance. (Tr. at 16-17, 34-36; Gvt. Exhs. 7-9)

16. Officers did not take a picture of the shotgun before removing it from the trunk to render it safe, or of the shell as found inside the gun. (Tr. at 29-31, 36) Pictures of the items attributed to Ms. Rodriquez were photographed at the station, but not at the scene. (Tr. at 31, 45)

17. The dashcam video that captured this traffic stop was not saved. (Tr. at 27, 49, 52)

18. The expired temporary tag that had been on the Lexus was destroyed at some point prior to the case being presented to the United States Attorney's Office for prosecution. (Tr. at 49-50)

### III. DISCUSSION

Defendant Ford challenges the legality of the August 6, 2019, traffic stop. He argues that law enforcement lacked reasonable suspicion and/or probable cause to believe the temporary tag on his vehicle had expired. Based on this alleged illegality, Defendant seeks suppression of the items seized from the vehicle, and of his subsequent statement as fruit of the poisonous tree. The Government maintains that the traffic stop was constitutional.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. CONST. amend. IV. "For a traffic stop to be constitutional under the Fourth Amendment, it 'must be supported by reasonable suspicion or probable cause.'" *United States v. Hanel*, 993 F.3d 540, 543 (8th Cir. 2021) (quoting *United States v. Houston*, 548 F.3d 1151, 1153 (8th Cir. 2008)). Reasonable suspicion exists when law enforcement officers are "aware of 'particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed.'" *Id.* (quoting *Houston*, 548 F.3d at 1153). *See also United States v. Stephens*, 350 F.3d 778, 780 (8th Cir. 2003) (holding information obtained from a computer check

provided police with reasonable suspicion to stop the vehicle and investigate whether it was properly licensed); *United States v Gomez Serena*, 368 F.3d 1037, 1040 (8th Cir. 2004) (citing *United States v. Peltier*, 217 F.3d 608, 610 (8th Cir. 2000)). "The more rigorous standard of probable cause exists when the totality of the circumstances justifies the belief that a crime has been committed and the person being seized committed it." *Houston*, 548 F.3d at 1153. "Any traffic violation, however minor, provides probable cause for a traffic stop." *Hanel*, 993 F.3d at 543 (quoting *United States v. Bloomfield*, 40 F.3d 910, 915 (8th Cir. 1994)). *See also United States v. Long*, 320 F.3d 795, 798 (8th Cir. 2003) (holding law enforcement had probable cause to make traffic stop of vehicle with expired tag); *United States v. Wright*, No. 4:21CR161 MTS (SPM), 2022 WL 1125519 at *4 (E.D. Mo. Apr. 15 2022) (finding expired temporary tags constituted probable cause).

In this case, Officers Van Hoecke and Horsley observed the green Lexus Defendant was driving while on patrol duty. (Fact No. 1) The officers followed the Lexus until they were able to obtain numbers from the temporary tag to run through dispatch. (Fact No. 2) Upon doing so, the officers learned that the tag had expired in July of 2019, the month prior. (Fact No. 3) This was not an instance in which officers were mistaken about the legality of the tag. The uncontroverted evidence is that the temporary tag was, in fact, expired. (Fact Nos. 3, 15; Gvt. Exh. 5) This information alone provided the officers probable cause to perform the traffic stop.[1]

---

[1] Even if the more rigorous standard of probable cause were not met, officers certainly had reasonable suspicion to conduct the traffic stop. Officer Van Hoecke's observation that the temporary tag displayed an expiration date of "August 30, 2019" did not render officers' suspicion unreasonable, as his testimony reflects that such observation was made after the stop had been effectuated. (*See* Fact No. 4) Indeed, such observation further contributed to officers' right to briefly question Defendant.

5

As part of the stop for an expired temporary tag, Officer Van Hoecke was permitted to ask Defendant for identification and insurance information. *See, e.g., Gomez Serena*, 368 F.3d at 1040-41. Officer Van Hoecke ran Defendant's name through dispatch and learned that Defendant had a Cole County, Missouri warrant and that his driving status was suspended. (Fact No. 6) Defendant was then arrested. (Fact No. 6)

The subsequent determination that the Cole County warrant did not belong to Defendant does not invalidate the arrest since driving while suspended was also an arrestable offense at the time. (Fact No. 9) *See United States v Demilia*, 771 F.3d 1051, 1054 (8th Cir. 2014) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("[P]robable cause in the context of an arrest" exists even if an officer invokes the wrong offense as long as the facts known at the time "would provide probable cause to arrest for the violation of some other law.")). Furthermore, when Officer Van Hoecke double checked Defendant's warrant status on his computer, he learned that Defendant had three outstanding Kansas City, Missouri warrants. (Fact No. 8) The Court thus finds Defendant's arrest was lawful, thereby establishing grounds for the resulting inventory search.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, it is

RECOMMENDED that the Court, after making an independent review of the record and the applicable law, enter an order denying Defendant's motion to suppress.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained. Failure to file and serve timely specific objections may result in waiver of the right to appeal factual findings made in the Report and Recommendation

which are accepted or adopted by the District Judge except upon the ground of plain error or manifest injustice.

_____
/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE
