IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-00179-01-CR-W-HFS |
| ) | |
| DERRICK R. FORD, ) | |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss 18 U.S.C. § 922(g)(1) Count Under the Second Amendment. Defendant contends that, based on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the statute under which he is charged is unconstitutional. For the following reasons, Defendant's motion should be denied.

## I. BACKGROUND

On July 21, 2021, the Grand Jury returned an Indictment charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 22, 2022, Defendant filed the instant motion to dismiss. (Doc. 24) With extensions of time granted, the Government filed its suggestions in opposition on September 13, 2022 (Doc. 32) and Defendant replied on October 11, 2022 (Doc. 40).

## II. LEGAL ANALYSIS

Defendant contends that the Indictment should be dismissed on grounds that 18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution, both facially and as applied. Defendant argues, in relevant part:

> Under the new framework mandated by *Bruen*, the Court should dismiss . . . the indictment against Mr. Ford, which charges him with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Because possession of a firearm comes within the Second Amendment's "plain text," Mr. Ford's conduct is presumptively protected. And the government will be unable to rebut that presumption. Felon-disarmament laws, which did not appear in the United States until the 20th Century, were unknown to the generation that ratified the Second Amendment.

(Doc. 24) In response, the Government maintains:

> The charged count, which alleges defendant violated 18 U.S.C. § 922(g)(1), is not unconstitutional. First, the plain text of the Second Amendment does not protect the prohibited conduct: possessing a firearm as a convicted felon, nonviolent or otherwise. Even assuming it did, § 922(g)(1) would still be constitutional because the statute is consistent with the nation's historical tradition of disarming persons considered a risk to society.

(Doc. 32)

The Court first considers Defendant's facial challenge to § 922(g)(1). To prove facial unconstitutionally, a party "must establish that no set of circumstances exists" under which the challenged statue would be valid. *United States v. Bena*, 664 F.3d 1180, 1182 (8th Cir. 2011) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Facial challenges to the constitutionality of § 922(g)(1) following *Bruen* have been unsuccessful, both in this Court[1] and in other jurisdictions.[2] The rationale underlying such decisions is that *Bruen* did not overrule the

---

[1] *See, e.g.*, *United States v. Penn*, Case No. 20-00266-01-CR-W-BP (W.D. Mo. Aug. 30, 2022); *United States v. Jones*, Case No. 20-00354-01-CR-W-HFS (W.D. Mo. Oct. 19, 2022) (Report & Recommendation).
[2] *United States v. Butts,* CR22-33-M-SWM, 2022 WL 16553037 (D. Mont. Oct. 31, 2022); *United States v. Grant*, No. 3:22-161-MGL-1, 2002 WL 16541138 (D.S.C. Oct. 28, 2022); *United States v. Carrero*, No. 2:22-cr-00030, 2022 WL 9348792, at *3 (D. Utah Oct. 14, 2022) (collecting cases); *United States v. Riley*, No. 1:22-cr-163 (RDA), 2022 WL 7610264, at *9 n.9 (E.D. Va. Oct. 13, 2022) (collecting cases); *United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457, at *7-*9 (S.D. W. Va. Oct. 12, 2022); *United States v. King*, 21-CR-255 (NSR), 2022 WL 5240928, at *5 (S.D.N.Y. Oct. 6, 2022); *United States v. Charles*, MO:22-CR-00154-DC, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022); *United States v. Siddoway*, Case No. 1:21-cr-00205-BLW, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Collette*, MO:22-CR-00141-DC, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. Hill*, No. 21cr107 WQH, 2022 WL 4361917, at *2 (S.D. Cal. Sept. 20, 2022); *United States v. Jackson*, Criminal No. 21-51

pertinent portions of *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), which addressed prohibitions on the possession of firearms by felons. Specifically, the Supreme Court stated in *Heller* that "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 554 U.S. at 626. The *Heller* Court further described "longstanding prohibitions on the possession of firearms by felons" as "presumptively lawful." *Id*. at 626-27, n.26. This principle was reaffirmed two years later in *McDonald*, wherein the Court stated: "We made clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons' . . . . We repeat those assurances here." 561 U.S. at 786 (internal citations omitted).

The *Bruen* opinion, on which Defendant relies to support his assertion of unconstitutionality, is not a departure from this precedent. To the contrary, *Bruen* explicitly stated that its holding was "in keeping with *Heller*." 142 S. Ct. at 2126. Furthermore, Justice Kavanaugh, joined by Chief Justice Roberts, stated in a concurrence that "the Second Amendment allows a 'variety' of gun regulations" including "longstanding prohibitions on the possession of firearms by felons." 142 S. Ct. at 2162 (Kavanaugh, J., concurring). Justice Alito also stated in his concurrence, "Nor have we disturbed anything that we said in *Heller* or *McDonald*." *Id*. at

---

(DWF/TNL), 2022 WL 4226229 (D. Minn. Sept. 13, 2022); *United States v. Cockerham*, Criminal No. 5:21-cr-6-DCB-FKB, 2022 WL 4229314, at *2 (S.D. Miss. Sept. 13, 2022); *United States v. Harper*, Case No. 21-CR-4085-LTS-KEM, 2022 WL 8288406 (N.D. Iowa Sept. 9, 2022), *adopted by* 2022 WL 4595060 (N.D. Iowa Sept. 30, 2022); *United States v. Burrell*, No. 21-20395, 2022 WL 4096865, at *3 (E.D. Mich. Sept. 7, 2022); *United States v. Ingram*, No. 0:18-557-MGL-3, 2022 WL 3691350, at *2 (D.S.C. Aug. 25, 2022).

2157 (Alito, J., concurring). Justice Breyer, joined by Justices Sotomayor and Kagan, understood *Bruen* to "cast no doubt on" *Heller*'s treatment of laws prohibiting firearms by felons. *Id*. at 2189 (Breyer, J., dissenting).

It is against this backdrop that the Court must analyze Defendant's motion to dismiss. The Eighth Circuit has rejected constitutional challenges to 18 U.S.C. § 922(g)(1) consistent with *Heller* and *McDonald*. *See, e.g., United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014); *United States v. Joos,* 638 F.3d 581, 586 (8th Cir. 2011). *Bruen* does not dictate a different result. Defendant's facial challenge to § 922(g)(1) is, therefore, denied.

Defendant also argues in his reply brief that 18 U.S.C. § 922(g)(1) is unconstitutional as applied. "An as-applied challenge asks the reviewing court to declare the disputed statute unconstitutional on the facts of the particular case." *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (internal quotations and citations omitted). "The as-applied challenger does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id*. (internal quotations and citations omitted). Here, Defendant again relies on his classification as a felon to support the argument that § 922(g)(1) deprived him of a constitutional right.[3] (*See* Doc. 40, pp. 2-3) As he raises no other factual argument regarding why the statute might be unconstitutional as applied to him, pretrial determination of this issue is appropriate. *See United States v. Williams*, 24 F.4th 1209, 1211 (8th Cir. 2022); *Adams*, 914 F.3d at 604; *United States v. Hughley*, 691 Fed. Appx.

---

[3]Defendant states that discovery reveals he has felony convictions in Louisiana and Minnesota. (Doc. 40, at pp. 2-3) The Court also notes the Bond Report (Doc. 9) reflects felony convictions.

4

278 (8th Cir. 2017); Fed. R. Crim. P. 12(b)(1). For the reasons set forth above (*i.e.*, that prohibitions on the possession of firearms are presumptively lawful), Defendant's as-applied challenge should also be denied. *See Jackson*, 2022 WL 4226229 at *2 n.2; *United States v. Brown*, 436 Fed. Appx. 725, 726 (8th Cir. 2011).

### III. CONCLUSION

Based on the above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's motion to dismiss.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

                                                        /s/ *Jill A. Morris*
                                                        JILL A. MORRIS
                                                      UNITED STATES MAGISTRATE JUDGE